JAMES A. COMAN, PLAINTIFF, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT.

Submitted May 17, 1930—Decided January 2, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Francis A. Gordon.*

*Contra, Henry H. Fryling (William F. Vosseller,* of counsel).

PER CURIAM.

This is plaintiff's rule to show cause why his own verdict for $400 should not be set aside.

It is argued that the damages awarded were grossly in-adequate.

We think they were.

Plaintiff was a police officer of Rahway. He was riding in a Ford roadster owned by the city and operated by another police officer. At the intersection of Central avenue and Irving street the roadster was struck by a bus owned by the defendant and operated by its servant and the plaintiff was injured. He was carried to the hospital suffering from con-cussion of the brain and was unconscious. He was treated in the hospital for two and a half days. The testimony reason-ably tends to show that he was severely injured, both physi-cally and mentally, and that the after effects were and are of a persistent nature, impairing his ability to work and re-

quiring much medical attention up to the time of the trial, almost two years after the accident. His expenditures for medical attention alone amounted to more than $400. He suffered and still suffers more or less pain, and is still under the care of his family physician. He was fifty years old and prior to the accident had good health.

In such state of the proofs it is plain that the verdict of $400 is grossly inadequate.

We have examined with care the evidence respecting liability of the defendant and consider that it amply justifies the finding of the jury with respect thereto.

The verdict will be set aside and a new trial granted, but the new trial will be limited to the question of damages.